UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-10656-RGS

ALVIN HOLDER

v.

BOSTON POLICE DEPARTMENT, et al.

MEMORANDUM AND ORDER
ON DEFENDANTS' MOTIONS TO DISMISS

May 27, 2020

STEARNS, D.J.

This Complaint was filed in the Suffolk Superior Court on February 4, 2020. Before the court are motions to dismiss brought by the City of Boston and two defendants named in their individual capacities, Nicole Taub, a former senior Staff Attorney for the Boston Police Department and Kenneth Fong, a Boston police captain. The core allegations of the Complaint involve an internal disciplinary proceeding that arose from a firearms mishandling incident on October 19, 2005, involving plaintiff Alvin Holder (who was then and remains a Boston police detective). In 2008, Captain Fong issued a formal disciplinary complaint against Holder, charging that he had been untruthful about aspects of the incident. The complaint led to a disciplinary hearing on March 9, 2009. Attorney Taub prosecuted the case

for the Boston Police Department.

On June 25, 2009, Holder was suspended for forty-five days without pay based on Captain Fong's complaint. Holder's union appealed the suspension which went to arbitration. On May 24, 2013, the arbitrator upheld the suspension. While neither the union nor Holder appealed the arbitrator's decision, Holder states that "he has never accepted it." Pl's Opp'n (Dkt # 10) at 11. On October 7, 2013, Holder sent the first of several "complaint letters" to then Commissioner Edward Davis accusing Fong and Taub of making false statements and accusations during the various proceedings, and asking Davis to reject the arbitrator's findings.

The Complaint sets out mostly state statutory and common-law claims, including charges of unfair labor practices, violations of the Massachusetts Whistleblower Statute, the state Personnel Record Law, and the state Public Records law, demands for expungement, declaratory, and injunctive relief, a request to vacate the arbitration award, and claims of tortious interference, conversion, fraud, and defamation. Defendants removed the case on April 2, 2020, to the United States District Court on federal question grounds, citing Holder's claims of violations of the federal civil rights statutes, 42 U.S.C. §§ 1981, 1983, and 1985 (Counts I, II, and III of the Complaint).

In framing the federal violations, Holder essentially focuses on a litany of alleged constitutional taints infecting the fairness of the disciplinary and arbitration proceedings. These range from retaliation (the bringing of the disciplinary complaint in 2008) for his speaking out on matters of public concern to the unlawful seizure of his personal firearm.[1] Defendants now move to dismiss Holder's Complaint on myriad grounds, among them the fact that the statute of limitations bars almost all of Holder's claims.[2]

"Whereas the personal injury statute of limitations of the forum state governs in § 1983 actions, *see, e.g., Owens v. Okure*, 488 U.S. 235, 236 (1989), the date of accrual, i.e., the date on which the limitations clock begins to tick, is determined by reference to federal law. . . . Under federal law, the limitations period in a § 1983 case ordinarily starts when the plaintiff knows, or has reason to know, of the harm on which the action is based." *Muniz-Cabrero v. Ruiz*, 23 F.3d 607, 610 (1st Cir. 1994). In a conspiracy context,

---

[1] Holder acknowledges that § 1981 does not authorize a private cause of action but claims that he is entitled to damages under § 1983 for its violation. The § 1985 count alleges a conspiracy on the part of all defendants to violate his rights under § 1983.

[2] The statute of limitations is an affirmative defense and not a jurisdictional bar, hence it is properly analyzed under Rule (12)(b)(6) and not Rule 12(b)(1) when considering a motion to dismiss. *Martinez-Rivera v. Commonwealth of Puerto Rico*, 813 F.3d 69, 73 (1st Cir. 2016).

3

the statute of limitations runs from the occurrence of each civil rights violation that causes damage to the plaintiff, not from the date of the last overt act.  *Nieves v. McSweeney*, 241 F.3d 46, 51 (st Cir. 2001).  "[T]he proper focus is on the time of the discriminatory act, not the point at which the consequences of the act become painful."  *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981), citing *Delaware State Coll. v. Ricks*, 449 U.S. 250, 258 (1980). For purposes of § 1983 and § 1985, the statute of limitations for Massachusetts forum purposes is three years.

Ordinarily, "[f]actual disputes concerning the date on which the plaintiff knew or should have known of his cause(s) of action are resolved by a jury."  *Wolinetz v. Berkshire Life Ins. Co.*, 361 F.3d 44, 48 (1st Cir. 2004). A motion to dismiss may, however, be granted "when the pleader's allegations leave no doubt that an asserted claim is time-barred." *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 509 (1st Cir. 1998). This requires an examination of the face of the Complaint itself.  There is simply no reasonable reading of the Complaint that refutes defendants' assertion that the cause of action against Captain Fong accrued in 2008, while it accrued against Attorney Taub, at the latest, in 2013, and that any reasonable person in Holder's situation would have known it (or enough of

it to be prompted to undertake an investigation).

To escape the inevitable, Holder invokes each of the equitable exceptions that the law has created to ameliorate the potential unfairness of the statute limitations: the continuing violation doctrine, equitable estoppel, and fraudulent concealment.  None serves to rescue his civil rights claims.  To establish a continuing violation, "plaintiff 'must allege that a discriminatory act occurred or that a discriminatory policy existed' within the period prescribed by the statute."  *Johnson v. Gen. Elec.*, 840 F.2d 132, 136-137 (1st Cir. 1988), quoting *Velazquez v. Chardon*, 736 F.2d 831, 833 (1st Cir. 1984).  To succeed under the doctrine, a "plaintiff bears the burden of demonstrating that at least one actionable discriminatory act occurred within the limitations period." *Muniz-Cabrero v. Ruiz*, 23 F.3d 607, 610 (1st Cir. 1994)*; see also Mack v. Great Atl. and Pac. Tea Co.*, 871 F.2d 179, 183 (1st Cir. 1989).   "It is not enough to show that plaintiff is merely feeling the effects of some earlier discriminatory action.   In other words, there is a 'critical distinction between a continuing act and a singular act that brings continuing consequences in its roiled wake.'"  *Muniz-Cabrero*, 23 F.3d at 610, quoting *Johnson*, 943 F.2d at 108.   Here the Complaint alleges no more than that Holder continues to suffer from the effects of the wrongs that he

believes were committed against him in the 2008 and 2013 disciplinary proceedings.

The equitable tolling and equitable estoppel exceptions, also invoked by Holder, fare no better,   For the equitable estoppel doctrine to apply, the plaintiff must show that he intended to bring suit during the statutory period, but was delayed as a direct result of the defendant's conduct.  *Nuccio v. Nuccio*, 62 F.3d 14, 16-17 (1st Cir. 1995); *see also Kozikowski v. Toll Bros., Inc.*, 354 F.3d 16, 24 (1st Cir. 2003) (Massachusetts law).   "[E]quitable estoppel applies when a plaintiff who knows of his cause of action reasonably relies on the defendant's conduct or statements in failing to bring suit." *Ramirez-Carlo v. United States,* 496 F.3d 41, 48 (1st Cir. 2007).    In this context, a court must consider whether (1) the party to be estopped from asserting a statute of limitations defense (defendant) knew the facts; (2) defendant intended for his conduct to be relied upon or the party asserting the estoppel (plaintiff) had a right to believe it was so intended; (3) the plaintiff was ignorant of the true facts; and (4) plaintiff relied on the conduct of the party to be estopped, to his injury.  *Benitez-Pons v. Commonwealth of Puerto Rico*, 136 F.3d 54, 63 (1st Cir. 1998).   Nothing approximating reasonable reliance on the defendants' conduct is alleged in the Complaint.

Finally, statutes of limitations are tolled under Mass. Gen. Laws ch. 260, § 12 (as they are under the federal fraudulent concealment doctrine), "if the wrongdoer, either through actual fraud or in breach of a fiduciary duty of full disclosure, keeps from the person injured knowledge of the facts giving rise to a cause of action and the means for acquiring knowledge of such facts." *Frank Cooke, Inc. v. Hurwitz*, 10 Mass. App. Ct. 99, 106 (1980). The statute of limitations under the federal common-law doctrine of fraudulent concealment is tolled "where a plaintiff has been injured by fraud and 'remains in ignorance of it without any fault or want of diligence or care on his part.'" *Salois v. The Dime Sav. Bank of N.Y.*, 128 F.3d 20, 25 (1st Cir. 1997), quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946). Here, there is no allegation of any fiduciary duty owed by any defendant to Holder and the only material allegation of a concealment is the assertion that he was never given an unredacted version of the original IAD report. "[A] limitations period does not begin to run only when plaintiff learns all facts relevant to a claim. That is what discovery under the Federal Rules of Civil Procedure is for." *Abdallah v. Bain Capital LLC*, 752 F.3d 114, 121 (1st Cir. 2014).

Finally, statutes of limitations are tolled under Mass. Gen. Laws ch. 260, § 12 (as they are under the federal fraudulent concealment doctrine), "if the wrongdoer, either through actual fraud or in breach of a fiduciary duty of full disclosure, keeps from the person injured knowledge of the facts giving rise to a cause of action and the means for acquiring knowledge of such facts." *Frank Cooke, Inc. v. Hurwitz*, 10 Mass. App. Ct. 99, 106 (1980). The statute of limitations under the federal common-law doctrine of fraudulent concealment is tolled "where a plaintiff has been injured by fraud and 'remains in ignorance of it without any fault or want of diligence or care on his part.'" *Salois v. The Dime Sav. Bank of N.Y.*, 128 F.3d 20, 25 (1st Cir. 1997), quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946). Here, there is no allegation of any fiduciary duty owed by any defendant to Holder and the only material allegation of a concealment is the assertion that he was never given an unredacted version of the original IAD report. "[A] limitations period does not begin to run only when plaintiff learns all facts relevant to a claim. That is what discovery under the Federal Rules of Civil Procedure is for." *Abdallah v. Bain Capital LLC*, 752 F.3d 114, 121 (1st Cir. 2014).

Finally, statutes of limitations are tolled under Mass. Gen. Laws ch. 260, § 12 (as they are under the federal fraudulent concealment doctrine), "if the wrongdoer, either through actual fraud or in breach of a fiduciary duty of full disclosure, keeps from the person injured knowledge of the facts giving rise to a cause of action and the means for acquiring knowledge of such facts." *Frank Cooke, Inc. v. Hurwitz*, 10 Mass. App. Ct. 99, 106 (1980). The statute of limitations under the federal common-law doctrine of fraudulent concealment is tolled "where a plaintiff has been injured by fraud and 'remains in ignorance of it without any fault or want of diligence or care on his part.'" *Salois v. The Dime Sav. Bank of N.Y.*, 128 F.3d 20, 25 (1st Cir. 1997), quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946). Here, there is no allegation of any fiduciary duty owed by any defendant to Holder and the only material allegation of a concealment is the assertion that he was never given an unredacted version of the original IAD report. "[A] limitations period does not begin to run only when plaintiff learns all facts relevant to a claim. That is what discovery under the Federal Rules of Civil Procedure is for." *Abdallah v. Bain Capital LLC*, 752 F.3d 114, 121 (1st Cir. 2014).

ORDER

For the foregoing reasons, the motion to dismiss the federal civil rights claims on statute of limitations grounds is <u>ALLOWED</u>. The court declines jurisdiction over the supplemental state law claims and remands those to the Suffolk Superior Court for resolution.[3] The Clerk will return the file to the Suffolk County Clerk with a copy of this decision.

                          SO ORDERED.

                          <u>/s/ Richard G. Stearns</u>
                          UNITED STATES DISTRICT JUDGE

---

[3] "[T]he balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation." *Camelio v. Am. Fed'n*, 137 F.3d 666, 672 (1st Cir. 1998).